IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL CASTONGUAY, SR., | CASE NO. 4:10CV3014 |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| DOUGLAS COUNTY PUBLIC DEFENDER OFFICE, et al., | |
| Defendants. | |

Plaintiff filed his Complaint in this matter on January 27, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.      SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint against three Defendants, the Douglas County, Nebraska Public Defender's Office and two attorneys employed in that office. (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff alleges that Defendants represented him in a criminal case and recommended that he accept a plea bargain. (*Id.* at CM/ECF p. 4.) However, Defendants' representation was "ineffective" because they allowed "inadmissible statements" into the record, did not file a motion to dismiss, and improperly pushed him to accept a plea bargain. (*Id.* at CM/ECF pp. 2-3.) As a result, Defendant pled no contest to criminal charges, even though he believes he is innocent. Plaintiff seeks monetary relief in the amount of $250,000.00. (*Id.* at CM/ECF p. 3.)

**II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

2

### III. DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. See *Heck*, 512 U.S. at 486-87.

Here, Plaintiff clearly alleges that Defendants' actions of allowing "inadmissible statements" into the record, failing to file a motion to dismiss, and improperly pushing him to accept a plea bargain amounted to ineffective assistance of counsel. (Filing No. 1 at CM/ECF pp. 1-3.) Plaintiff believes he was unlawfully convicted as a result. Plaintiff's allegations necessarily implicate the validity of his conviction and current confinement. As set forth above, the court cannot address these claims in an action brought pursuant to 42 U.S.C. § 1983. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in a habeas corpus or similar proceeding.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice; and

2. A separate Judgment will be entered in accordance with this Memorandum and Order; and

3. The Clerk of the court is directed to send to Plaintiff the Form AO240, Application to Proceed Without Prepayment of Fees and Affidavit and the Form AO241, Petition for Relief From a Conviction or Sentence.

DATED this 25th day of March, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.